COLLINS DISCOUNT LIQUORS AND VENDING, Appellant, *v.* THE STATE OF NEVADA, NEVADA DEPARTMENT OF TAXATION, AND NEVADA TAX COMMISSION, Respondents.

No. 20713

November 28, 1990                                    802 P.2d 4

*Hamilton and Lynch,* Reno, for Appellant.

*Brian McKay,* Attorney General, *John S. Bartlett,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

Appellant Collins Discount Liquors and Vending (Collins) is a small convenience store with an adjunct vending machine operation. In May 1988, Collins received a "Notice of Audit Deficiency" from respondent Nevada Tax Commission (NTC) for the period between January 1984 and December 1987, in the amount of $48,049.66, plus interest of $17,227.05 as of the date of the notice. This amount represented the applicable sales tax for those years from Collins' vending machine operations.

Following receipt of this notice, appellant filed a petition for redetermination of the assessment. A hearing was held, after which NTC rendered a decision and order upholding the judgment. Collins then filed a petition for judicial review of the assessment in the Second Judicial District Court in Washoe County. After a hearing in which both sides' arguments were presented, Judge Agosti rendered a written decision upholding the assessment.

Collins now appeals from this ruling. Appellant contends that the trial court erred in finding that its vending machine sales of canned carbonated soft drinks were taxable as sales of "prepared food intended for immediate consumption." Rather, Collins argues, the sales from its vending machines were general food sales, and therefore exempt from taxation under NRS 372.284(1). For the reasons discussed below, we disagree, and therefore uphold the agency regulation that makes these vending machine sales subject to taxation.

In 1979, the Nevada Legislature proposed the adoption of a statute, ultimately enacted by the people through referendum, which was codified as NRS 372.284.[1] This statute exempted "food for human consumption" from the provisions of the

---

[1]NRS 372.284 reads as follows:
    1. There are exempted from the taxes imposed by this chapter the

Nevada sales tax law. Not all food sales were immunized from sales tax, however; NRS 372.284(2)(d) also specified that "prepared food intended for immediate consumption" remained subject to tax even after the passage of the referendum.

The phrase "prepared food intended for immediate consumption" is nowhere defined in the statute itself. Assembly Bill No. 616, which contained the referendum submitted to the people in 1979, however, stated that the legislature expected that "[t]he exemption is not intended to include sales by or from . . . vending machines." 1979 Nev. Stats. ch. 286, § 156(2) at 432.[2]

In order to carry out this legislative intent, NTC promulgated a regulation containing a list of establishments in which sales of food were generally considered to be intended for immediate consumption. Thus Nevada Administrative Code (NAC) 372.610 states, "[t]he exemption does not apply to any foods or beverages sold for immediate consumption through . . . vending machines."

In State v. Morros, 104 Nev. 709, 713, 766 P.2d 263, 266 (1988), we held that great deference should be given to the agency's interpretation when it is within the language of the statute. This holding was premised on the fact that the agency, and not the judicial system, is given the job of creating regulations that serve to carry out legislative policy. Thus courts should not substitute their own construction of a statutory provision for a reasonable interpretation made by an agency.

This case presents an excellent example of when such an agency decision should be upheld. Here, the legislature gave the agency the task of determining which foods should be included in the definition of "prepared food intended for immediate consumption." It is reasonable to conclude that machine sales come within this definition since refrigeration is certainly a form of "preparation," and it is beyond doubt that canned drinks purchased in vending machines are ordinarily consumed immediately. In addition, it should be remembered that the legislature

gross receipts from sales and the storage, use or other consumption of food for human consumption.

2. "Food for human consumption" does not include:
(a) Alcoholic beverages.
(b) Pet foods.
(c) Tonics and vitamins.
(d) Prepared food intended for immediate consumption.

[2]This language was not contained in the referendum itself, but was included in the bill, simply as a guideline to NTC, so that administration of the statute could be facilitated. *See* Minutes of the Assembly Committee on Taxation, 60th Sess. 667-668 (April 3, 1979).

itself clearly intended such sales to remain subject to taxation.[3] Thus the NTC construction of the statute is certainly a reasonable one.

We hold that the agency regulation making canned drinks sold in vending machines subject to sales tax must be sustained. For this reason, the assessment of appellant's tax liability is upheld, and the ruling of the court below is affirmed.

---

[3]Contemporaneous constructions of a referendum by the legislature are given great weight, especially where they do not conflict with information presented to the people. *See* Amador Valley Joint Union High School Dist. v. State Bd. of Equalization, 149 Cal.Rptr. 239, 245-246 (Cal. 1978); Tacoma v. Taxpayers of City of Tacoma, 743 P.2d 793, 797 (Wash. 1987).