THE STATE OF NEVADA, DEPARTMENT OF TAXA-
TION, APPELLANT, v. McKESSON CORPORATION
DBA AQUA VEND, RESPONDENT.

No. 25818

THE STATE OF NEVADA, DEPARTMENT OF TAXA-
TION, APPELLANT, v. PURELINE, INC., DBA CRYSTAL
SPRINGS WATER COMPANY OF RENO; PURE SYS-
TEMS; GLACIER WATERS OF OCEANSIDE; AND
McKESSON CORPORATION DBA AQUA VEND,
RESPONDENTS.

No. 25855

June 27, 1995                                        896 P.2d 1145

*Frankie Sue Del Papa,* Attorney General, and *John S. Bartlett,* Senior Deputy Attorney General, Carson City, for Appellants.

---

*Anderson, Pearl, Hardesty, Lyle, Murphy & Stone,* Reno, for Respondents.

Sale of purified water through coin operated vending machine was exempt from sales taxes, in view of evidence that water was sold in quantities of at least one gallon so that product was not intended for immediate consumption. NRS 372.284(2).

## OPINION

*Per Curiam:*

### FACTS

The respondents, McKesson Corporation dba Aqua Vend, and Pureline, Inc. dba Crystal Springs Water Company of Reno, Pure Systems, Inc., Glacier Waters of Oceanside (collectively "the companies"), own and operate coin operated machines that dispense purified water to consumers in quantities of at least one gallon. The companies place their machines in businesses such as supermarkets. The machines connect directly to municipal water lines. Consumers place coins in a machine, and the water flows through the municipal water supply lines and into the machine where it is purified. The machines dispense quantities of one gallon and greater into containers provided by the consumer.

From 1975 until 1989, Department of Taxation (DOT) considered water provided in this manner to be exempt from sales tax under NRS 372.295, which exempts from taxation gas, electricity, and water delivered to consumers through mains, lines, or pipes. However, in 1990, DOT decided that water sold through vending machines would be taxable based on NRS 372.284.

NRS 372.284 exempts "food for human consumption" from sales tax. However, NRS 372.284(2) states that "[f]ood for human consumption" does not include, among other things, "prepared food intended for *immediate consumption*." (Emphasis added.) Food for immediate consumption includes food sold from vending machines, and DOT considered the companies' water to fall in this category.

The companies appealed this decision through the appeals

division of DOT and lost. The companies then filed a petition for judicial review of the decision. The district court refused to follow DOT's strict interpretation that the only criterion for taxation was whether the product came out of a vending machine and overruled DOT's decision. The district court instead looked also at the language which required the product to be for immediate consumption. The court concluded that the focus in deciding which beverages are intended for immediate consumption, and are therefore taxable, should be on the type of and preparation of the beverage and the size of the container. Because the companies' product was dispensed in quantities of one gallon or greater, the district court concluded that the companies' water was not intended for immediate consumption and, therefore, not subject to taxation.

DOT appeals the district court's judgment to this court. Based on the following discussion, we affirm the judgment that the companies' water is not subject to sales tax under NRS 372.284(2)(d).

## DISCUSSION

Generally, NRS 233B.135 prohibits appellate courts from substituting their judgment for that of agencies as to the weight of evidence on a question of fact. "However, this court may 'undertake independent review of the administrative construction of a statute.'" SIIS v. Campbell, 109 Nev. 997, 999, 862 P.2d 1184, 1185 (1993) (quoting American Int'l Vacations v. MacBride, 99 Nev. 324, 326, 661 P.2d 1301, 1302 (1983)).

The case at bar involves a review of a Tax Commission decision. However, because it is the statutory interpretation of NRS 372.284(2) that is at issue rather than any type of factual review, this court may review the case de novo. Moody v. Manny's Auto Repair, 110 Nev. 320, 325, 871 P.2d 935, 938 (1994); SIIS v. United Exposition Services Co., 109 Nev. 28, 30, 846 P.2d 294, 295 (1993).

In regard to statutory interpretation, this court has stated:

> "The leading rule for the construction of statutes is to ascertain the intention of the legislature in enacting the statute, and the intent, when ascertained will prevail over the literal sense. The meaning of words used in a statute may be sought by examining the context and by considering the reason or spirit of the law or the causes which induced the legislature to enact it. The entire subject matter and the

policy of the law may also be involved to aid in its interpretation, and it should always be construed so as to avoid absurd results.''

*Moody*, 110 Nev. at 325, 871 P.2d at 938 (quoting Welfare Div. v. Washoe Co. Welfare Dep't, 88 Nev. 635, 637-38, 503 P.2d 457, 458-59 (1972)).

DOT relies on its own regulation, NAC 372.610, which excepts foods and beverages sold for immediate consumption through vending machines from the general provision that exempts food for human consumption from taxation. In this case, although the water may issue from vending machines, which generally provide items for immediate consumption, the product here seems intended more for home consumption.

In deciding whether to exempt the vended water from taxation, the essential question turns on defining "immediate consumption" and determining whether the product is being prepared with the *intention* of it being consumed contemporaneously with the purchase. In this case, the machines dispense water in quantities of at least one gallon or greater, as opposed to a standard vending machine, which dispenses beverages in individual-sized portions, such as twelve ounce cans, for contemporaneous consumption. In Collins Discount Liquors v. State of Nevada, 106 Nev. 766, 802 P.2d 4 (1990), we upheld the imposition of a sales tax on carbonated beverages purchased through vending machines. We gave deference to and upheld the agency's determination regarding carbonated beverages because refrigeration is certainly a form of preparation and because "it is beyond doubt that canned drinks purchased in vending machines are ordinarily consumed immediately." *Id*. at 768, 802 P.2d at 6.

DOT presents a valid point that filtration of the water is a type of "preparation." However, in *Collins*, the beverage was so thoroughly prepared, through refrigeration and packaging, that the consumer could purchase it and consume it immediately simply by opening the can it came in. Here, the companies' product is not prepared to the same degree. More importantly, the consumer must first bring his or her own container to hold the water and then will, in most every case, pour the water into a smaller container such as a glass before actually consuming it. This means that the companies' product is not amenable to immediate consumption, and we conclude that it is not intended for such. The Legislature intended foods and beverages purchased for preparation and consumption at home to be tax exempt. Purchases of water in quantities of at least one gallon seem clearly to be for home, rather than contemporaneous consumption.

## CONCLUSION

The district court correctly focused not only on the fact that the water comes from a coin operated machine, but also on the fact that the companies' product is not actually intended to be immediately consumed by the purchaser. We therefore affirm the district court's judgment that the sale of purified water through a coin operated vending machine is exempt from sales tax under NRS 372.284(2)(d).