OPINION
 

 Per Curiam:
 

 This is an appeal from the district court’s order rejecting a child support master’s findings and recommendations and refusing to suspend respondent’s driver’s license for failure to pay child support. The primary issue on appeal concerns the scope of certain provisions of the statutory scheme governing license suspension for parents in arrears on child support payments. We conclude that the district court erred in its interpretation of the statutory scheme, and we therefore reverse the district court’s order and remand for further proceedings.
 

 STATEMENT OF FACTS
 

 Respondent Stephen Ryder and appellant Mary Ann Ryder were divorced in San Francisco, California, in 1986. The court ordered Stephen to pay Mary Ann $200.00 per month for the support of their daughter and to obtain medical insurance for her. Apparently by the middle of 1994, Stephen was in arrears with his support payments. On September 23, 1994, the San Francisco superior court ordered Stephen to pay the original child support obligation of $200.00 per month and, in addition, to pay $425.00 per month toward the amount in arrears. The arrearages addressed in the California order covered the time period from March 1, 1983, to July 13, 1994, and amounted to approximately $20,000.00.
 
 [1]
 

 By 1996, both parties had relocated to Nevada. In February 1996, Stephen received a letter from the Carson City district attorney’s office notifying him that Mary Ann had filed a complaint that he was in arrears for child support payments. The let
 
 *504
 
 ter also informed Stephen that $625.00 per month would be withheld from his wages. Subsequently, a master conducted a hearing to determine the propriety of suspending Stephen’s driver’s license for failing to pay his court-ordered child support. Stephen was present at the hearing and represented by counsel. The master found that Stephen was in arrears and recommended that Stephen pay $5,625.00 within 30 days and continue to pay $625.00 per month under the existing California order.
 

 Stephen objected to the master’s findings and recommendations and requested a hearing in the district court. The district court held two hearings regarding Stephen’s objections to the master’s report. In the first hearing, the court found that Stephen had a continuing obligation to pay the amount stated in the California order. Several days prior to the second hearing, Stephen made a payment of $3,450.00. The district court found'that this amount represented all of Stephen’s arrearages to date in ongoing child support ($200.00 per month) as well as two payments of $425.00 toward the arrearages pursuant to the California order. Based on Stephen’s payment, the district court made the following finding:
 

 Therefore, this Court finds from the evidence before it, that Defendant is current in the ongoing child support obligation, is not delinquent on that obligation for a period of two months and does not owe more than $1,000 thereon. Even if the ongoing child support should exceed twelve months, Defendant has satisfied ... the arrearage by paying the preceding twelve month’s payment.
 

 The district court also determined that despite Stephen’s delinquency in satisfying his arrearages under the 1994 California order, suspension of his driver’s license was unjustified and counterproductive to the continued payment of child support. Consequently, the district court disapproved the master’s findings and recommendations. Mary Ann and the district attorney’s office appealed.
 

 DISCUSSION
 

 The resolution of this appeal requires us to interpret NRS 425.560, a statutory provision that we have not previously considered.
 
 [2]
 
 Statutory construction is a legal issue warranting inde
 
 *505
 
 pendent appellate review.
 
 See
 
 Tighe v. Las Vegas Metro. Police Dep’t., 110 Nev. 632, 877 P.2d 1032 (1994); Maxwell v. SIIS, 109 Nev. 327, 849 P.2d 267 (1993). Consequently, no deference is given to the trial court’s interpretation.
 
 See
 
 State, Dep’t Taxation v. McKesson Corp., 111 Nev. 810, 896 P.2d 1145 (1995) (noting that questions of statutory interpretation are reviewed de novo). Words in a statute will generally be given their plain meaning, and when a statute is clear on its face, courts may not go beyond the statute’s language to consider legislative intent.
 
 See
 
 Erwin v. State of Nevada, 111 Nev. 1535, 908 P.2d 1367 (1995); McKay v. Bd. of Supervisors, 102 Nev. 644, 730 P.2d 438 (1986).
 

 NRS 425.510 provides for a parent’s driver’s license suspension if that parent is in arrears with respect to child support. NRS 425.560 governs when a parent is in arrears and states in pertinent part:
 

 1. A person is in arrears in the payment for the support of one or more children if:
 

 (a) He:
 

 (1) Owes a total of more than $1,000 for the support of one or more children for which payment is past due; and
 

 (2) Is delinquent for not less than 2 months in payments for the support of one or more children or any payments ordered by a court for arrearages in such payments; or
 

 2. A person who is in arrears in the payment for the support of one or more children may satisfy the arrearage by:
 

 (a) Paying all of the past due payments;
 

 (b) If he is unable to pay all past due payments:
 

 (1) Paying the amounts of the overdue payments for the preceding 12 months which a court has determined are in arrears ....
 

 Paragraph 1(a), which defines arrears, and paragraph 2, which governs the satisfaction of arrears, each require an analysis of “past due payments.” We conclude that the scope of “past due payments” in paragraph 1(a) encompasses
 
 all
 
 past due child support payments (including court-ordered arrearage payments), not just past due payments for an ongoing support obligation. The plain language of the statute supports this interpretation.
 

 Paragraph 1(a) provides that a person is in arrears in child support payments if “[h]e [o]wes a total of more than $1,000 for the support of one or more children for which payment is past due . . . and . . . [i]s delinquent for not less than 2 months in payments for the support of one or more children or
 
 any payments
 
 
 *506
 

 ordered by a court for arrearages in such payments.”
 
 (Emphasis added.) This language expressly includes any arrearage payments, as well as ongoing support payments; thus, arrearage payments must be considered in determining whether a parent is in arrears under NRS 425.560(l)(a). Accordingly, the district court erred in determining that only ongoing child support obligations need be considered in determining whether Stephen was in arrears pursuant to paragraph 1(a).
 

 If a parent is in arrears for purposes of paragraph 1(a), NRS 425.560 requires the court to determine whether the arrearages have been satisfied under paragraph 2. Paragraph 2 provides two ways in which arrearages may be satisfied.
 
 [3]
 
 Pursuant to paragraph 2(a), arrearages may be satisfied by “[p]aying all of the past due payments.” Paragraph 2(b)(1) provides that arrearages for child support payments may be satisfied by “[pjaying the amounts of the overdue payments for the preceding 12 months which a court has determined are in arrears.” Although the scope of “past due payments” in paragraph 2(b)(1) may be susceptible to more than one interpretation, we conclude that “past due payments” encompass
 
 any
 
 arrearage payments that are due. Interpreting the term “past due payments” in paragraph 2(b)(1) in this manner is internally consistent with our conclusion that “past due payments” under paragraph 1(a) include any arrearage payments that are due.
 
 See
 
 Welfare Div. v. Washoe Co. Welfare Dep’t, 88 Nev. 635, 503 P.2d 457 (1972) (holding that a statute “should always be construed so as to avoid absurd results”). Thus, all arrearages must be considered in determining whether a parent is in arrears under paragraph 2(b)(1), but not in determining whether a parent has satisfied the arrearages under paragraph 1(a).
 

 Furthermore, the legislative history of the statutory scheme reveals its overarching purpose—to encourage parents who are in arrears in child support payments to satisfy those obligations.
 
 See
 
 Minutes of the Assembly Committee on Transportation, A.B. 425, 68th Sess. (Nev., April 27, 1995). This policy provides further support that the scope of “past due payments” contemplates
 
 all
 
 past due arrearage payments, including orders for arrearages from a court other than the court involved in the license suspension hearing.
 

 We therefore conclude that the scope of “past due payments” in paragraph 2(b)(1), as in paragraph 1(a), encompasses all child support arrearages, including court-ordered arrearage payments.
 
 *507
 
 Accordingly, the district court erred in concluding that past due arrearages need not be considered in determining whether Stephen had satisfied his arrearages pursuant to paragraph 2(b)(1).
 

 Pursuant to paragraph 2(a), Stephen did not satisfy his arrearages with his $3,450.00 payment, as that amount did not include all of his ongoing support and court-ordered arrearages. Additionally, Stephen’s $3,450.00 payment failed to satisfy paragraph 2(b)(1) because that payment did not cover twelve months of ongoing support and court-ordered arrearages. To satisfy paragraph 2(b)(1), Stephen would be required to pay an amount equal to his child arrearage payments as ordered by the California court, in addition to his ongoing child support payment of $200.00 per month, for a period of twelve months.
 

 As the district court erred in its interpretation of NRS 425.560, we reverse the district court’s order and remand this matter to the district court for further proceedings consistent with this opinion.
 
 [4]
 

 [1]
 

 Although Stephen and Mary were divorced in 1986, it appears that Stephen's obligation to pay child support began in 1983.
 

 [2]
 

 When enacted in 1995, the provisions governing license suspension for failure to pay child support were codified at NRS 425.3837. These provisions took effect on January 1, 1996. The statutory provisions are now found at NRS 425.510 and NRS 425.560. NRS 425.510 contains several amendments to the original language that are not relevant here; NRS 425.560 contains provisions regarding arrears and satisfaction of those arrears that are identical to those first adopted in NRS 425.3837. To avoid confusion, the statutory provisions at issue here will be referred to by their current designation (NRS 425.560) throughout this opinion.
 

 [3]
 

 Paragraph 2(b)(2) also provides for the satisfaction of arrears if the delinquent parent has entered into an approved repayment plan. That provision is not relevant here, however.
 

 [4]
 

 The district court was apparently concerned about Stephen's ability to continue working. However, NRS 483.490(5) provides that after a license has been suspended or revoked for failure to pay child support arrearages, the department of motor vehicles may issue a restricted driver's license to an applicant permitting the applicant to drive to and from work, to receive regularly scheduled medical care for himself or a member of his immediate family, and to exercise a court-ordered right to visit a child.