ConcoeK, J,-
In discussing tbflfct «ground of objection to the decision of the presiding judge below, the ¡plairittiPs counsel have presented a question of ño ordanary difficulty, it is contended that when an attachment is levied on the property of the copartner or joint owner, the «whole of the property may «be «taken into possession' :and ’sold, and the whole of course delivered to th’e purchaser;'thus divesting the copartner Or joint owner, Who naay he iii the possession, Of such «possession, «against his will and id -opposition to «his interest. And it is concluded from this doctrine, «.that '-the court in the casé hefore us, is bound by analogy to order 'the-whole of the money to he delivered >to the «plaintiffs in'tliis action, and let them account to ,the house‘-in Kentucky ¡far* their share of it. it is «however not ne'cessary to Ipvesti'g'aie this subject, in order to decide this ease; 'for supposing the plaintiff’s counsel to heiri'ght, it does not'follow that the court should -order'the whole of'thi's money 'to be -paid to this clients. The ground of 'necessity may «excuse the «law. for divesting one of his possession «.under the fcircumstances of this case, and «even for selling'his ¡property ¡at dess than tits full value; but when ■ it is «reduced 'to money, «it .is not ¡easy'to discover any reason which would authorize the court to pay over to the creditor of his copartner, that portion of the proceeds which belonged tó him. The law will not interfere with the rights of third persons, farther than is indispensably necessary to the administration of justice. It may say to him, who is- divested oflns'possession,fforthepurposeofcompelling a payirient-ef his copartners debts-, ¡you have by yotír own act, subjected your sfelf'to'this inconvenience or loss. But I can-find no satisfactory r eason why "he should be sent to .the creditor of his copartner for-his share of -the proceeds,of ¡the' property. His property being taken 'from him'by 'the'Iaw, he *38 may say with great force, to the law I look for its valué. If I have subjected mySelf to a partial loss and some inconvenience, it doesnol, therefore, followthatl am to be subjected to still greater inconvenience, and perhaps to a total loss. There can be no doubt that the pendency of a suit in another state, is no reason of itself for the delay of a cause in this; but when it is obvious to the court'that their decision will affect rights to be ascertained by the determination of such suit, and where such, rights are 'involved in the cause here, they will grant a reasonable time to the parties interested to obtain such determination. Much time has already been given to. the house of Chatzel & Co. but they again present a strong claim to further indulgence, and the court can only grant it on conditions. The plaintiffs on their part have.substantiated their debt, which exceeds the whole amount oí the fund attached; they have complied with the requisitions of the attachment act, and consequently are entitled to the money. While, therefore, the court is disposed to grant further indulgence to the house in Kentucky, they cannot bo unmindful of the strong claim of the plaintiffs; but as they are unable to make a final determination on the respective claims of the parties in- interest, they conceive they cannot make a more just and reasonable order, than that which was made by the presiding judge below. They, therefore, dismiss the motion and confirm, the order made by the circuit judge..