*1223
 
 OPINION
 

 By the Court,
 

 Hardesty, J.:
 

 This appeal arises from a district court order that denied appellants’ petition for a writ of mandamus or judicial review, challenging the State Engineer’s refusal to adjudicate title to certain water rights. In resolving this case, we consider what constitutes a State Engineer decision subject to review and whether a petition for extraordinary relief is the proper procedural mechanism to review such decisions. Additionally, we consider whether the State Engineer has authority to adjudicate title to water rights.
 

 Because NRS 533.450(1) provides review for “any order or decision” of the State Engineer that affects a person’s interests ‘ ‘when the order or decision relates to the administration of determined rights,” we conclude that so long as the decision affects a person’s interests concerning the rights, and is a final written determination of the issue, it is reviewable.
 

 We further determine that extraordinary writ relief is not available to review a State Engineer’s decision. Writ relief is generally available only in the absence of an alternative adequate and speedy legal remedy. Because a State Engineer’s decision may be chai
 
 *1224
 
 lenged through a petition for judicial review, as set forth in NRS 533.450(1), an adequate and speedy legal remedy precluding writ relief exists.
 

 With regard to whether the State Engineer has authority to adjudicate title to water rights, NRS Chapter 533 governs adjudication of water rights. Nothing in its provisions empowers the State Engineer to adjudicate title to water rights. Instead, NRS 533.024(2) recognizes that only “a court of competent jurisdiction” may adjudicate title to water rights.
 

 Finally, in light of those determinations, we conclude that the district court properly denied appellants’ petition for judicial review. As the State Engineer cannot adjudicate questions of title, a district court quiet title action is the appropriate mechanism to resolve the issues in this matter.
 
 [1]
 
 Therefore, the district court properly denied the petition.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 In 1999, appellants Michael T. Howell and Cheri A. Howell filed suit in district court against Hugh Ricci, RE., State Engineer, and Pacific Reclamation Water Company (PR). They challenged the State Engineer’s refusal to grant a report of conveyance,
 
 [2]
 
 seeking an adjudication of the title to 116.43 acre feet of water located in Elko County. The State Engineer based its refusal on an apparent conflict in the chain of title to the water rights. This conflict arose when, in June 1944, PR filed two applications with the State Engineer for permits to change the point of diversion, manner, and place of use of the 116.43 acre feet of water, which was flowing to property now owned by the Howells. By its applications for the permits, PR sought to divert the water away from the property. No challenges to PR’s permit applications were made and PR presented a quitclaim deed to the water rights. Consequently, the State Engineer granted the permits. Although the grant effectively moved the point of diversion away from the property, the State Engineer did not close the property’s headgates; thus water continued to flow to the Howell property. As a result, the property’s owners at the time and its subsequent owners, including the Howells, had continuous use of the water.
 

 
 *1225
 
 In anticipation of conveying the property to the Howells, the Howells’ immediate predecessors submitted a request for a report of conveyance to the State Engineer. However, the State Engineer denied the requested report due to the apparent conflict in the chain of title created by the permits that PR obtained approximately 55 years earlier. After several months of written correspondence between the Howells’ immediate predecessors and the State Engineer, the State Engineer declared, in a letter dated July 19, 1999, that the rights to the 116.43 acre feet of water were no longer tied to the property, stating, “The records in the office of the State Engineer reflect that there are no water rights remaining . . . under Proof 00608 [attendant to the Howells’ property].” Thus, the State Engineer reaffirmed its previous denial of the requested report of conveyance. Shortly thereafter, the Howells filed a district court petition for judicial review of the State Engineer’s denial. And the following year, the State Engineer closed the headgates to the Howells’ property.
 

 In May 2002, after the parties completed briefing, the district court dismissed the Howells’ petition, upholding the State Engineer’s decision to reject their requested report of conveyance. The district court’s dismissal was based on NRS 533.450(1) and (3), which provide that judicial review of a State Engineer decision must be sought within 30 days after the decision is rendered. The district court thus reasoned that NRS 533.450(1) procedurally barred the Howells’ claim since their petition sought review of the State Engineer’s 1944 decision to grant PR’s change applications, well beyond NRS 533.450(l)’s 30-day deadline for doing so. And the Howells’ predecessors did not seek review within 30 days after the State Engineer made its decision in 1944, as required under the statutory scheme that existed at that time.
 
 [3]
 
 In dismissing the Howells’ petition for judicial review, the district court also affirmed the State Engineer’s finding of a legitimate conflict in the Howells’ chain of title to the water rights, which prohibited the State Engineer from granting or accepting the report of conveyance under NRS 533.386(4) (which directs the State Engineer to reject and re
 
 *1226
 
 turn a report of conveyance when there is an apparent conflict in the chain of title).
 

 The Howells subsequently appealed and on April 1, 2004, this court affirmed the district court’s order.
 
 [4]
 
 Specifically, we determined that substantial evidence supported the State Engineer’s decision to reject the report of conveyance, given the clear conflict between the Howells’ claim of title ownership and PR’s existing permits.
 
 [5]
 
 Additionally, we stated that the final determination of the water rights occurred in 1944 “in accordance with then applicable notice and filing requirements” and that the Howells were thus procedurally barred from contesting PR’s permits pursuant to NRS 533.450’s requirement that review of a State Engineer’s decision be sought within 30 days after the decision is rendered.
 
 [6]
 
 We also indicated that the State Engineer’s grant of PR’s 1944 permits “had the effect of divesting the [ jHowell property of its [water] rights.’ ’
 
 [7]
 

 Following our decision in
 
 Howell I,
 
 the Legislature amended NRS Chapter 533 to clarify the existing procedures for adjudicating and appropriating water rights. The Legislative history of the amendments to NRS Chapter 533 suggests that the amendments were intended to address statements made in
 
 Howell
 
 1:
 
 [8]
 
 Among the amendments, which were retroactively applicable, the Legislature added subsection 2 to NRS 533.024:
 

 The procedures in this chapter for changing the place of diversion, manner of use or place of use of water, and for confirming a report of conveyance, are not intended to have the effect of quieting title to or changing ownership of a water right and that only a court of competent jurisdiction has the power to determine conflicting claims to ownership of a water right.
 
 [9]
 

 Additionally, NRS 533.386(6) was amended to read:
 

 If the State Engineer is notified that a court of competent jurisdiction has entered a judgment confirming ownership of a
 
 *1227
 
 water right or resolving a conflict in a chain of title, and that the judgment has become final, the State Engineer shall take such administrative action as is appropriate or necessary to conform the records of the Office of the State Engineer with the judgment of the court, including, without limitation, amending or withdrawing a permit or certificate that was previously approved by the State Engineer.
 
 [10]
 

 As a result of these amendments, the Elowells wrote a letter to the State Engineer requesting that it open the Howells’ property’s headgates, and amend PR’s permits to divest PR of its rights to the 116.43 acre feet of water since the State Engineer’s 1944 decision to grant PR’s permits did not change the Howells’ title to the water rights. In so requesting, the Howells maintained that because this court adjudicated title in their favor in
 
 Howell I,
 
 the State Engineer was required to conform its records to comply with this court’s
 
 Howell I
 
 order. To support their position, the Howells relied on statements made in this court’s order that indicated that the State Engineer’s grant of PR’s permits effectively divested the Howells of their water rights. Thus, the Howells argued that continued enforcement of PR’s 1944 permits violated NRS 533.024(2), as the 2005 amendment clarified that change permits do not change title ownership. Nevertheless, in a November 23, 2005, letter, the State Engineer denied the Howells’ request, explaining that NRS 533.386(4) prohibited it from taking further action until a court of competent jurisdiction resolved the conflicting claims of title ownership. Consequently, in December 2005, the Howells filed a petition for writ of mandamus or judicial review in the district court.
 

 In March 2007, the district court dismissed the Howells’ claim based on the law of the case and res judicata doctrines. In particular, the lower court held that this court’s
 
 Howell I
 
 order was determinative as to both law and facts of the case, thus precluding the Howells from relitigating the case. This appeal followed.
 

 DISCUSSION
 

 As noted, in resolving this appeal, we will address what constitutes a State Engineer decision subject to review and whether a petition for extraordinary writ relief is the proper procedural mechanism to review such a decision. Finally, we will consider whether the State Engineer has authority to adjudicate title to water rights.
 

 State Engineer decisions subject to review
 

 NRS 533.450(1) provides that any decision affecting a person’s interests and “relating] to the administration of determined
 
 *1228
 
 rights” may be reviewed as “in the nature of an appeal.” NRS 533.450(1) further reads, “Any person feeling himself aggrieved by
 
 any
 
 order or decision of the State Engineer” may have that order or decision reviewed. (Emphasis added.) In this case, an informal written communication, such as a letter, that affects a person’s interests concerning his or her determined rights, which contains findings of fact and conclusions of law, is reviewable under NRS 533.450(1).
 
 [11]
 
 Accordingly, so long as the decision affects a person’s interests that relate to the administration of determined rights, and is a final written determination on the issue, the aggrieved party may properly challenge it through a petition for judicial review.
 

 In this case, the State Engineer’s November 23, 2005, letter to the Howells is reviewable because in that letter the State Engineer communicated its refusal to open the headgates to the Howells’ property and amend PR’s permits to exclude the Howells’ water rights. That decision affected the Howells’ interest with respect to their rights to use the water. Since the State Engineer’s refusal was a final, written determination on the issue that the Howells presented, we conclude that the decision is subject to review under NRS 533.450(1).
 

 Method of seeking review
 

 With respect to whether a petition for extraordinary writ relief is a proper method by which to challenge the State Engineer’s decision, a writ of mandamus is generally available to “compel the performance of an act which the law [requires] as a duty resulting from an office, trust or station.”
 
 [12]
 
 Therefore, mandamus will not issue unless the petitioner can show that the respondent “has a clear, present legal duty to act.”
 
 [13]
 
 Mandamus is generally im
 
 *1229
 
 proper if the petitioner has a “plain, speedy and adequate remedy in the ordinary course of law.”
 
 [14]
 

 The Howells argue that mandamus relief is available in this case to compel the State Engineer to perform its purported duty to conform its records to the final judgment issued by this court in
 
 Howell I.
 

 [15]
 

 We disagree, as an alternative legal remedy precluding writ relief is available.
 

 Specifically, as discussed, NRS 533.450(1) provides for review “in the nature of an appeal” of “any order or decision” of the State Engineer. As NRS 533.450’s title — “Orders and decisions of State Engineer subject to judicial review” — suggests, such review is obtained through a petition for judicial review. And this court has held, when the Legislature has created a right to petition for judicial review, that right constitutes an “adequate and speedy legal remedy,”
 
 [16]
 
 which generally precludes writ relief. Therefore, pursuant to statute, judicial review is the proper procedural mechanism for reviewing a State Engineer’s decision.
 

 Here, because the State Engineer’s November 23, 2005, letter, which communicated its decision to reject the Howells’ request, constituted a reviewable decision, the Howells properly sought relief from that decision to the extent that they petitioned for judicial review. But to the extent that the Howells alternatively requested a writ of mandamus, such relief is inappropriate in this case, as a petition for judicial review constituted an alternative legal remedy precluding writ relief.
 

 The State Engineer’s authority to resolve questions of title
 

 Turning to whether the State Engineer has authority to resolve questions of title, NRS 533.024(2) expressly provides that “only a court of competent jurisdiction has the power to determine conflicting claims to ownership of a water right” and that the procedures that the State Engineer uses to change the place of diversion, manner, or place of use, and for conforming a report of conveyance, are ‘ ‘not intended to have the effect of quieting title to or changing ownership of a water right.”
 
 [17]
 
 Notwithstanding the provision’s clear language, the Howells contend that the State Engineer’s 1944 grant of PR’s change applications adjudicated title to
 
 *1230
 
 the water rights at issue in favor of PR. The Howells rely on dicta contained in the
 
 Howell I
 
 order that stated, “On September 12, 1944, the State Engineer granted [PR]’s applications. This had the effect of divesting the [ jHowell property of its [water] rights.”
 
 [18]
 
 Based on their understanding, the Howells assert that the State Engineer’s alleged adjudication was void, and thus, the State Engineer now must resolve title in their favor.
 
 [19]
 

 Reliance on unpublished orders, which have no precedential value, reflects a general confusion concerning whether the State Engineer has authority to adjudicate title to water rights. The State Engineer does not have such authority. Indeed, “only a court of competent jurisdiction has the power to determine conflicting claims to ownership of a water right,”
 
 [20]
 
 and the State Engineer’s decision to grant a change application or confirm a report of conveyance, for example, does not affect title to the water right.
 
 [21]
 

 Nevertheless, the Howells further argue that if the State Engineer did not have authority to adjudicate title in 1944, then its grant of PR’s change applications was void. The Howells continue to conflate questions of the State Engineer’s decision to change the place of diversion, manner of use or place of use of water, under NRS 533.325, with questions of title to those water rights. Although the State Engineer may administratively determine the relative rights of claimants to beneficial use of water, title to those rights must be adjudicated in district court in a quiet title proceeding. Thus, it is not necessary to reach this question in this opinion. Therefore, to the extent that the Howells argue the retroactive applicability of the 2005 legislative amendments, that argument is irrelevant since the amendments simply restate the law. Moreover, the 2005 amendments to NRS Chapter 533 reaffirm the Nevada Compiled Laws of 1929 (the statutory scheme in effect before the enactment of NRS Chapter 533), as the Nevada Compiled Laws permitted the State Engineer to determine rights to beneficial use of water but did not grant the State Engineer authority to resolve title questions.
 
 [22]
 

 
 *1231
 
 Consequently, since the State Engineer never had authority to resolve title questions,
 
 [23]
 
 and the 2005 legislative amendments clarify that the State Engineer lacks that authority, we conclude that, contrary to the Howells’ contentions, the 2005 legislative amendments to NRS Chapter 533 do not have any effect on this case. Accordingly, we affirm the district court’s denial of the Howells’ petition for judicial review, which challenged the State Engineer’s refusal to adjudicate title to water rights in their favor.
 

 CONCLUSION
 

 In conclusion, because NRS 533.450(1) provides for judicial review of any decision made by the State Engineer, a State Engineer decision that is communicated in a letter is sufficient for review so long as it is a final determination that affects a person’s interests concerning a determination of rights. And, pursuant to statute, final State Engineer decisions are subject to judicial review; therefore, mandamus relief is inappropriate. We further conclude that the 2005 legislative amendments to NRS Chapter 533 were solely clarifications of existing law, which reaffirm that the State Engineer has never had authority to resolve questions of title. As a result, title questions must be resolved by a quiet title action in district court, and seeking resolution through a petition for judicial review is improper.
 
 [24]
 
 Thus, although the district court resolved this matter on different grounds, we affirm the district court’s denial of the Howells’ petition for judicial review because the district court’s decision reached the correct result.
 
 [25]
 

 Maupin, C. J., Gibbons, Parraguirre, Douglas, Cherry and Saitta, JJ., concur.
 

 [1]
 

 NRS 40.010 provides that “[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim.” Accordingly, a quiet title action in district court is the proper method by which to adjudicate disputed ownership of real property rights.
 

 [2]
 

 NRS 533.384(1) provides that “[a] person to whom is conveyed an application or permit to appropriate any of the public waters, a certificate of appropriation, an adjudicated or unadjudicated water right or an application or
 
 *1225
 
 permit to change the place of diversion, manner of use or place of use of water” must file a “report of conveyance” with the State Engineer. A report of conveyance includes information concerning title to the water right and the place of its use. The report of conveyance is also used by the State Engineer “to determine whom to treat as the owner of the water right.”
 
 Adaven Mgmt. v. Mountain Falls
 
 Acquisition, 124 Nev. 770, 773 n.5, 191 P.3d 1189, 1191 n.5 (2008);
 
 see also
 
 NRS 533.386.
 

 [3]
 

 Nevada Compiled Laws (NCL) were the applicable statutes in 1944 and NCL § 7947, later codified in NRS 533.450(1), provided that “[a]ny person interested may, within thirty (30) days from the date of last publication of the said notice of application, file with the state engineer a written protest against the granting of said application.”
 

 [4]
 

 Howell v. Ricci,
 
 Docket No. 39788 (Order of Affirmance, April 1, 2004). In this opinion, we will refer to the matter as
 
 Howell I.
 

 [5]
 

 Id.
 

 [6]
 

 Id.
 

 [7]
 

 Id.
 

 [8]
 

 Hearing on S.B. 62 Before the Assembly Comm, on Government Affairs, 73d Leg. (Nev., May 11, 2005) (S.B. 62 clarified provisions governing the duties of the State Engineer concerning water rights. Senator Dean Rhoads remarked that S.B. 62 was “brought to [his] attention by Mr. Howell .... [Mr. Howell] went through the court procedure and went clear up to the State Supreme Court and still didn’t have any water rights. We looked at it, and in the Senate, we think we worked out a solution.”).
 

 [9]
 

 2005 Nev. Stat., ch. 493, § 1, at 2560.
 

 [10]
 

 Id.
 
 § 4, at 2564.
 

 [11]
 

 In making a determination that affects rights, the State Engineer must render findings of fact and conclusions of law, so as to enable the parties to challenge and the court to review the State Engineer’s decision. An administrative ruling containing specific findings of fact and conclusions of law constitutes an order or decision.
 
 See Dickinson v. American Medical Response,
 
 124 Nev. 460, 469, 186 P.3d 878, 884 (2008) (stating that an administrative agency’s final decision must contain findings of fact and conclusions of law sufficient for the reviewing agency to adequately review the decision);
 
 see also Pyramid Lake Paiute Tribe
 
 v.
 
 Washoe Co.,
 
 112 Nev. 743, 751, 918 P.2d 697, 702 (1996) (describing the characteristics of a final order or decision of a State Engineer to include findings of fact and conclusions supported by sufficient evidence);
 
 Black’s Law Dictionary
 
 436 (8th ed. 2004) (defining “decision” as “[a] judicial or agency determination after consideration of the facts and the law; especially] a ruling, order, or judgment”).
 

 [12]
 

 NRS 34.160.
 

 [13]
 

 Round Hill Gen. Imp. Dist.
 
 v.
 
 Newman,
 
 97 Nev. 601, 603, 637 P.2d 534, 536 (1981).
 

 [14]
 

 NRS 34.170;
 
 see Kay v. Nunez,
 
 122 Nev. 1100, 1104, 146 P.3d 801, 805 (2006).
 

 [15]
 

 See
 
 NRS 533.386(6) (requiring the State Engineer to conform its records to the judgment of a court of competent jurisdiction).
 

 [16]
 

 Kay,
 
 122 Nev. at 1104-05, 146 P.3d at 805.
 

 [17]
 

 NRS 533.386(2)(b) further reiterates that “only a court of competent jurisdiction may adjudicate conflicting claims to ownership of a water right” and that “the confirmation of the report of conveyance is not a determination of ownership.”
 

 [18]
 

 Howell I,
 
 Docket No. 39788 (Order of Affirmance, April 1, 2004).
 

 [19]
 

 The statement concerning title to water rights was erroneous. And, after issuing the
 
 Howell I
 
 order, this court issued another unpublished order in a different case that conflicted with the dicta contained in
 
 Howell I.
 
 In
 
 Truckee Meadows Water Authority v. Big Canyon Ranch,
 
 this court determined that “NRS Chapter 533 . . . prohibits the State Engineer from resolving conflicting claims of title” and that “the State Engineer’s acceptance of a change application does not serve to quiet title to the underlying right. . . [for] the State Engineer does not have authority to make such a decision.” Docket No. 44722 (Order of Reversal, July 6, 2006).
 

 [20]
 

 NRS 533.024(2).
 

 [21]
 

 See id.;
 
 NRS 533.386(2).
 

 [22]
 

 See generally
 
 1929 Nev. Compiled Laws §§ 7890-7978.
 

 [23]
 

 To the extent that our dicta in
 
 Howell I
 
 erroneously suggested otherwise, we reject that notion.
 

 [24]
 

 We note that nothing in this opinion precludes the Howells from contesting title ownership to the water rights in a quiet title action in district court.
 

 [25]
 

 See generally Hotel Riviera, Inc. v. Torres,
 
 97 Nev. 399, 403 , 632 P.2d 1155, 1158 (1981) (holding that “[i]f a decision below is correct, it will not be disturbed on appeal even though the lower court relied upon wrong reasons”).