An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 169,
Appellant,
vs.
OFFICE OF THE LABOR COMMISSIONER,
Respondent.

No. 65962

FILED

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court's denial of a petition for a writ of mandamus. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

In December 2013, Laborers' International Union of North America, Local 169 (Local 169 or the union) filed a complaint with the Nevada Labor Commissioner against Frazier Masonry Corporation (Frazier), arising from construction on the Galaxy Theater development in Sparks, Nevada. The complaint alleged violations of Nevada wage laws, relying on NRS Chapter 608, the general source of Nevada statutory law governing compensation, wages, and hours; and NRS Chapter 338, which contains labor laws for public works projects in particular.

Frazier was served with the administrative complaint but did not file an answer. In January 2014, Local 169 filed a motion to enter default pursuant to NAC 607.210(1), which provides that a respondent "shall" answer a complaint within 15 days. The Commissioner denied the motion, asserting that (1) NRS and NAC Chapters 338 required him to

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38750

send "the complaint to the awarding body" for the public works project—in this case, the City of Sparks—for investigation; and (2) due to the ongoing investigation, Frazier was not required to file an answer at that time.

The Labor Commissioner further denied the union's motion for reconsideration, citing "the more specific procedure for processing complaints arising under NRS Chapter 338" and "the statutory imperative that an awarding body conduct an initial investigation into such allegations." The Commissioner concluded by stating that "it is the interpretation of this Office that the provisions of NAC Chapter 607 are deferred until such time as a Chapter 338 complaint may proceed to an administrative hearing. This interpretation is plainly codified at NAC 338.116."

The Commissioner also asserted authority under NAC 607.040 to deviate from NAC Chapter 607's procedural requirements whenever compliance would be impractical or unnecessary, and he specifically found that requiring Frazier to answer while the matter is being investigated by the awarding body would be both impractical and unnecessary. Finally, the Commissioner held that entering a default simultaneous to an investigation "undermines the recognized public policy of the State of Nevada to decide controversies on the merits when possible."

The City of Sparks completed its NRS Chapter 338 investigation of the wage claims and issued a determination. Following Local 169's objection, the Commissioner returned the matter to the City of Sparks for additional investigation. Approximately two months later, the City of Sparks issued its revised determination on the wage claims. In the meantime, Local 169 filed a petition for a writ of mandamus in the district court, asking the court to order the Labor Commissioner both to require

Frazier to file an answer *and* enter default against Frazier. The district court exercised its discretion to hear the petition, and the parties briefed the issues.

In June 2014, the district court denied Local 169's petition for writ of mandamus, agreeing with the Labor Commissioner that NAC 338.110 "defers the application of NAC 607 to the second stage (the hearing stage) of the process for complaints concerning a violation of NRS 338," and concluding that "giving deference to the Labor Commissioner's interpretation is appropriate." The court concluded that even if the Commissioner's interpretation of the regulations was incorrect, mandamus would nevertheless be inappropriate because the entry of default is discretionary, not mandatory. Finally, the district court found that mandamus was improper because Local 169 may file a petition for judicial review, thus it has a plain, speedy, and adequate remedy at law. Local 169 appealed to this court.

At issue is whether NAC 607.210(1), which requires that an NRS Chapter 608 wage complaint be answered, overrides the requirement in NRS Chapter 338 that all wage complaints on public works projects be referred to the project's awarding body for investigation, such that if no answer is filed, the Labor Commissioner must enter default despite an ongoing investigation of the claims. We conclude that ample Nevada law demonstrates that the failure to answer does not mandate a default under these or any other circumstances. Accordingly, we affirm the district court's denial of Local 169's petition for a writ of mandamus in this case.

This court reviews the district court's denial of Local 169's petition for a writ of mandamus for an abuse of discretion. *Kay v. Nunez*, 122 Nev. 1100, 1105, 146 P.3d 801, 805 (2006). The district court

 

generally reviews an agency's administrative decisions for an abuse of discretion. *City Plan Dev., Inc. v. Office of the Labor Comm'r*, 121 Nev. 419, 426, 117 P.3d 182, 186-87 (2005). The court reviews questions of law de novo. *S. Cal. Edison v. First Judicial Dist. Court*, 127 Nev. 276, 280, 255 P.3d 231, 234 (2011).

## I. Denial of default was a proper exercise of the Commissioner's discretion

A writ of mandamus "may be issued . . . to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." NRS 34.160. It may "issue when the respondent has a clear, present legal duty to act. Mandamus will not lie to control discretionary action, unless discretion is manifestly abused or is exercised arbitrarily or capriciously." *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (internal citations omitted).

### A. The Commissioner's decision was discretionary

Local 169 argues that Frazier was required to answer its complaint within 15 days pursuant to NAC 607.210(1). Because Frazier did not file an answer, the union argues (1) that the Labor Commissioner should have entered default against Frazier, and (2) when the Labor Commissioner declined to enter default, the district court should have issued a writ of mandamus ordering him to do so.

The Labor Commissioner argues that regardless of whether an answer is required, the plain language of NAC 607.210(3) makes entry of default discretionary, not mandatory. We agree. NAC 607.210(3) provides that "[i]f the respondent fails to answer within 15 days, the Commissioner *may* determine that the respondent is in default and issue a decision and order based solely on the facts as presented in the complaint." (Emphasis added.) This regulation follows Nevada's Administrative Procedure Act,

which states that contested cases "may be" resolved by default. NRS 233B.121(5).

This court has previously held that provisions of NRS Chapter 607 that "use the word 'may,' not 'shall,' do not set forth mandatory prehearing procedures that the Labor Commissioner was required to follow . . . but rather delineate the general prosecutorial authority of the Labor Commissioner . . . in carrying out his duties under all of the labor laws." *City Plan Dev.*, 121 Nev. at 427, 117 P.3d at 187; *see Roventini v. First Judicial Dist. Court*, 81 Nev. 603, 605, 407 P.2d 725, 725-26 (1965) (contrasting the limited availability of mandamus for summary judgment rulings, which order that the court "shall" act under certain circumstances, with the unavailability of mandamus for setting aside a default, which invokes the court's discretion); *see also Dyno v. Rose*, 687 N.Y.S.2d 497, 501 (App. Div. 1999) (holding that where a court "may" enter a default judgment, "it does not follow that the trial court has a mandatory, ministerial duty to grant a motion for default judgment").

Local 169 presents no authority mandating the Commissioner to enter default under certain circumstances or otherwise purporting to impose on the Commissioner a duty to enter default. It merely "submits" that (1) NAC 607.210(1)'s requirement of an answer divests the Commissioner of the discretion to disregard it, and (2) NAC 607.210(3)'s discretionary language applies only when no motion for default has been filed and the Commissioner is acting sua sponte.

In the absence of authority to support Local 169's positions, we are not persuaded. The plain language of all provisions relating to default in administrative labor proceedings demonstrates that the Commissioner's decision is discretionary without qualification. Therefore, mandamus is

unavailable to Local 169 unless it shows that when the Commissioner declined to enter default against Frazier, he committed a manifest abuse of his discretion, or that his discretion was exercised arbitrarily or capriciously.

### B. The Commissioner did not manifestly abuse his discretion or exercise it arbitrarily or capriciously

A manifest abuse of discretion requires a "'clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *State v. Eighth Judicial Dist. Court*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997)). "An arbitrary or capricious exercise of discretion is one 'founded on prejudice or preference rather than on reason,' or 'contrary to the evidence or established rules of law.'" *Id.* at 931-32, 267 P.3d at 780 (internal citation omitted) (quoting *Black's Law Dictionary* 119, 239 (9th ed. 2009)).

#### 1. The Commissioner reasonably interpreted the regulations to allow a two-stage process for processing complaints on public works projects

The Labor Commissioner is charged with adopting necessary regulations under both NRS Chapters 338 and 607. NRS 338.012; NRS 607.160. NAC Chapters 338 and 607 contain the attendant procedural regulations for processing wage claims. Well-established Nevada law requires the courts to defer to the agency's interpretation of its own regulations or statutes where the interpretation is within the legal text. *See Wynn Las Vegas, LLC v. Baldonado,* 129 Nev., Adv. Op. 78, 311 P.3d 1179, 1182 (2013) (citing *Dutchess Bus. Servs., Inc. v. Nev. State Bd. of Pharmacy*, 124 Nev. 701, 709, 191 P.3d 1159, 1165 (2008)). In *Collins Discount Liquors & Vending v. State*, 106 Nev. 766, 768, 802 P.2d 4, 5 (1990), the court explained that deference is proper because "the agency, and not the judicial system, is given the job of creating regulations that

serve to carry out legislative policy. Thus courts should not substitute their own construction of a statutory provision for a reasonable interpretation made by an agency."

> *a. NAC 338.112 and 338.116 expressly recognize a two-stage process*

The Labor Commissioner contends that NAC Chapters 338 and 607, read together, form a two-stage process for resolving wage claims arising in the public works arena. He does not argue that NAC Chapter 607's procedures do not apply to public works cases; he contests only the propriety of exercising NAC 607.210 discretion to default a party *while* the violations alleged are first being investigated by the awarding body. The Commissioner's interpretation is reasonable and within the language of the relevant statutes and regulations, as set forth below. Thus, the Commissioner did not manifestly abuse his discretion, nor did he exercise it arbitrarily or capriciously, and his ruling is entitled to deference.

NRS 338.070(1) mandates that "[a]ny public body awarding a contract shall: (a) [i]nvestigate possible violations" of the wage law provisions of the public works statutes. NAC 338.110(1) describes the nature of the investigation, including the requirement that it "must commence and conclude within a reasonable time," which is specified to be no more than 30 days unless the Labor Commissioner grants an extension. The awarding body must issue a written determination that is served on, among others, the person who filed the complaint. NAC 338.110(4)(d). All persons served with a copy of the determination have the right to file a written objection with the Labor Commissioner. NAC 338.110(8).

In this case, Local 169 filed an objection to the City of Sparks's determination, and the Commissioner returned it for further investigation, which is specifically permitted by NAC 338.112(1)(a). When

the City of Sparks filed its revised determination, Local 169 had already filed its petition for a writ of mandamus. However, the procedures that follow an awarding body's determination are set forth in NAC 338.112, and all roads lead to the Commissioner's determination whether to schedule a hearing.[1]

Regardless of the process by which the Labor Commissioner schedules a hearing in a public works case, NAC 338.116 specifically calls for the hearing to proceed according to NAC Chapter 607: "At a hearing held by the Labor Commissioner on a determination issued by an awarding body or the Labor Commissioner, the Labor Commissioner will use the procedures provided pursuant to chapter 607 of NAC to conduct the hearing." NAC 338.116 therefore explicitly supports the Commissioner's contention that NAC Chapter 338 procedures may be invoked prior to the general provisions found in NAC Chapter 607. *See also City Plan Dev.*, 121 Nev. at 429, 117 P.3d at 188 (recognizing that "NRS 607.205 provides that the Labor Commissioner may conduct hearings to aid the Commissioner's enforcement responsibilities under Nevada's labor laws, including NRS 338.030, which relates to prevailing wages").

---

[1] If the Commissioner affirms or dismisses the awarding body's determination, his order is final, and any person aggrieved by the determination may file an objection. NAC 338.112(2)(b), (d); NAC 338.114(2). Upon an objection, the Commissioner may schedule a hearing. NAC 338.114(3). If the Commissioner modifies the awarding body's determination, an aggrieved party may object, in which case the Commissioner may schedule a hearing. NAC 338.112(3)-(4). Finally, rather than affirm, dismiss or modify the awarding body's determination, the Commissioner may simply schedule a hearing. NAC 338.112(2)(c).

*b. The Commissioner's decision is supported by well-established principles of Nevada law*

The Labor Commissioner's interpretation is further supported by the well-established principles that (1) specific provisions control over general ones, *see State, Tax Comm'n v. Am. Home Shield of Nev., Inc.*, 127 Nev. 382, 388, 254 P.3d 601, 605 (2011); and (2) "[a]dministrative regulations cannot contradict or conflict with the statute they are intended to implement," *Roberts v. State*, 104 Nev. 33, 37, 752 P.2d 221, 223 (1988). In this case, we find that mandating that the Commissioner enter default against Frazier at the same time as Frazier was complying with the awarding body's investigation would frustrate the obvious intent of the Legislature in creating that investigatory step.

Default would also frustrate Nevada's preference for deciding cases on their merits. In *Christy v. Carlisle*, 94 Nev. 651, 654, 584 P.2d 687, 689 (1978), this court noted its "underlying policy to have each case decided upon its merits," and held that because the defaulted party's insurer "has indicated a clear purpose to defend the suit," default would have been "manifestly . . . unfair." In this case the Commissioner acted immediately on Local 169's complaint by forwarding it to the City of Sparks for investigation, as he was required to do. The record reflects that Frazier participated in prior wage claim proceedings earlier in 2013 as well as the NAC Chapter 338 investigation resulting from the complaint at issue here. Local 169's request for default at the same time the allegations of the complaint were being actively addressed in a manner mandated by statute, and at the same time Frazier was complying with all requests for information by the City of Sparks, is contrary to Nevada's public policy of deciding cases on their merits.

### c. The Commissioner's decision was not made arbitrary or capricious by the existence of NRS 608 Chapter claims

Finally, Local 169 argues that even if the awarding body's investigation stayed consideration of the NRS Chapter 338 claims, the Labor Commissioner lacked authority to excuse Frazier from filing an answer as to alleged violations of NRS Chapter 608, because the City of Sparks was not required to investigate those claims. Specifically, the union contends that NAC 607.210(1)'s requirement of an answer "must not be rendered nugatory simply because there is an investigation of other violations going on." The union's portrayal of its NRS Chapter 608 claims as "other violations" is disingenuous. In reality, the claims are effectively identical and arise from the same discrete set of facts, as the union concedes in its statement of facts to this court. For the Commissioner to separately process the NRS Chapter 608 claims while the awarding body is investigating identical NRS Chapter 338 claims would be duplicative and a waste of resources.

### 2. The Commissioner properly exercised his discretion to deviate from NAC Chapter 607's answer requirement

The Labor Commissioner argues that even if NAC 607.210's answer requirement applies during pendency of an awarding body's NAC 338 investigation, NAC 607.040 allows him to deviate from NAC 607's procedures.

NAC 607.040(1)(a) provides,

> Notwithstanding any provision of this chapter to the contrary, in special cases, upon a showing of good cause or the Commissioner's own motion, the Commissioner may permit deviation from the provisions of this chapter with regard to a matter if . . . [t]he Commissioner determines that . . . [c]ompliance with those provisions is impractical or unnecessary.

In this case, he specifically so found in his order denying Local 169's motion to reconsider the denial of default:

> [R]equiring an answer in this case is both impractical and unnecessary while at the same time the matter is before the awarding body for investigation. It serves no practical purpose to require a respondent to prepare and file an answer while the investigation is pending. Thus, even if NAC 607.210 applies, I conclude that deviation from that provision would be appropriate under NAC 607.040. A default is intended as a remedy against an intransigent party. It is noted that Frazier is under an obligation to cooperate with the City's investigation, an obligation which can be compelled by subpoena if necessary. NAC 338.110(2). Local 169 has not provided any argument or evidence that Frazier is refusing to participate in the administrative process, which at this stage is an investigation into the allegations conducted by the City of Sparks.

For all the reasons discussed above, the Commissioner's finding that NAC 607.040 should apply was not a manifest abuse of discretion or the result of an arbitrary or capricious exercise of his discretion.

*II. Mandamus is improper because Local 169 has a plain, adequate, and speedy legal remedy*

"The normal judicial process is trial and appeal, not final adjudication on pre-trial writs." *Bottorff v. O'Donnell*, 96 Nev. 606, 607, 614 P.2d 7, 8 (1980). For a court to grant a petition for a writ of mandamus compelling a judicial ruling, "[g]enerally, a petitioner must show that continuation of the proceedings would be an exercise in futility, and that the litigation, irrespective of what may transpire at trial, is foreordained to its inevitable conclusion." *Id.; see also, e.g., Moore v. Eighth Judicial Dist. Court*, 96 Nev. 415, 416, 610 P.2d 188, 189 (1980) ("The remedy of mandamus is available to compel the district court to rule

properly if, as a matter of law, a defendant is not liable for any of the relief sought.").

This principle is reflected in the rule that if a plain, speedy, and adequate remedy exists in the ordinary course of proceedings, a writ of mandamus is not appropriate. *S. Cal. Edison*, 127 Nev. at 280, 255 P.3d at 234; *Howell v. Ricci*, 124 Nev. 1222, 1228-29, 197 P.3d 1044, 1049 (2008) (citing *Kay*, 122 Nev. at 1104, 146 P.3d at 805); *see also* NRS 34.170.

Where the Legislature has created the right to petition for judicial review of an administrative decision, the review is an adequate and speedy remedy as a matter of law, precluding writ relief. *Kay*, 122 Nev. at 1104-05, 146 P.3d at 805. NRS 233B.130(1) and NRS 607.215(3) create a right to petition for judicial review of the Labor Commissioner's decisions, therefore, a writ of mandamus is not the proper vehicle for Local 169. *See, e.g., Howell*, 124 Nev. at 1223-24, 197 P.3d at 1045 ("Because a State Engineer's decision may be challenged through a petition for judicial review, . . . an adequate and speedy legal remedy precluding writ relief exists.").

Local 169 argues only that judicial review is unavailable because there is no final agency decision to appeal. However, denial of a motion to default generally is an interlocutory decision that must await, and then merge into, the final judgment in the case for appeal. *See Joseph v. Office of Consulate Gen. of Nigeria*, 830 F.2d 1018, 1028 (9th Cir. 1987) (holding that order setting aside default judgment is interlocutory and not appealable); *cf. American Ironworks & Erectors, Inc. v. North Am. Constr. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001) (noting that "a party may appeal

 

interlocutory orders after entry of final judgment because those orders merge into that final judgment").

"A remedy does not fail to be speedy and adequate, because, by pursuing it through the ordinary course of law, more time probably would be consumed than in a mandamus proceeding." *Cty. of Washoe v. City of Reno*, 77 Nev. 152, 156, 360 P.2d 602, 603 (1961). We hold that the union should have obtained a final agency decision on its claims and then sought review by the district court.

For the reasons set forth above, the district court properly denied the petition for a writ of mandamus, thus we ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Lynne K. Simons, District Judge
        Carol Webster Millie, Settlement Judge
        Michael E. Langton
        Attorney General/Las Vegas
        Washoe District Court Clerk